```
Daniel Everett (SBN 268967)
15 Boardman Place Suite, 2
San Francisco, CA 94103
Tel: 415/891/9472
Fax: 415/864/3389

Daniel Everett, Pro Se
```

FILED #5 ifp
JAN - 4 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

CV 18   0051 DMR

In re:

DANIEL EVERETT

NO. 15-0-3789; 15-0-12951; 15-0-14462

PETITION FOR REMOVAL; HEARING REQUESTED

DATE:
TIME:
DEPT:
**Trial Date:** ~~6-20-17~~

---

TO THE OFFICE OF THE CHIEF TRIAL COUNSEL, STATE BAR OF CALIFORNIA AND/OR REPRESENTATIVE & TO THE US DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO:

PLEASE TAKE NOTICE that on 1/04/18, at the hour of 10:00 a.m. or as soon thereafter as counsel may be heard in the courtroom of the above-entitled court, Petitioner will move to remove and hereby does remove the above entitled action to federal district court.

This motion will be based on the attached verified statement of Petitioner, and memorandum of points and authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the court or stated orally at the

conclusion of the hearing on the motion, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: JANUARY 4, 2018: at San Francisco, CA

Respectfully Submitted

_____
Daniel Everett, Esq.

**VERIFIED STATEMENT OF DANIEL EVERETT IN SUPPORT OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT**

I, Daniel Everett, believe the foregoing to be true and correct, and I am otherwise affirming the statements under penalty of perjury.

1. I am a black male. I was admitted to practice law in California in 2010. I am a private criminal defense attorney and my practice is dedicated to primarily defending young black males.
2. On or around July 5, 2015, I filed for bankruptcy in US Bankruptcy Court for the Northern District of California, San Jose.
3. On or about July 15, 2015, I was notified that I would be placed on administrative inactive status because of my failure to pay State Bar fees associated with a Members' Continuing Legal Education (MCLE) compliance.

4. Under the Rules of the California State Bar, Members are required to complete a certain amount of MCLE credit hours during a given period of time (generally 3 years).

5. There are fees associated with the credits hour(s) requirement that are "administrative" fees associated with the MCLE program.

6. "Administrative Inactive" status is a designation that occurs when a member fails to meet his or her MCLE requirements.

7. While under "Administrative Inactive" status, a member is prohibited from practicing law in the State of California.

8. The California State Bar Member services department administers the MCLE program.

9. The Member Services Department is authorized to waive MCLE fees, as well as yearly member dues associated with the practice of law.

10. On or about July 15, 2015, I spoke with representatives at the Member Services Department at the California State Bar.

11. I specifically informed the State Bar that I had filed for bankruptcy protection and was under the protection of the bankruptcy code's "automatic stay".

12. At the time I had contacted the State Bar, my State Bar profile still reflected that I was an active member and otherwise able to practice law in California, i.e,. I had not been switched to an inactive status.

13. After being notified my bankruptcy status, and after checking that information with Pacer on-line filing system, the State Bar nonetheless changed my status from active to inactive for failure to pay State Bar fees generally, and specifically for failure to pay fees associated with MCLE compliance.

14. I was retroactively placed on "administrative inactive" status and unable to practice law in California from the first date of the alleged status change, until July 21, 2015, when I submitted further MCLE compliance documentation.

15. Thus, the violation of the bankruptcy code's automatic stay cost me the ability to practice law in California.

16. Subsequently, I was cited by the State Bar for practicing law without being licensed, and knowingly practicing law without the ability to do so.

17. I had specifically informed the State Bar that moving me to administratively inactive status violated the provisions of 11 U.S.C § 362, and that all such moves in violation of the bankruptcy code's automatic stay were void as a matter of law.

18. I am currently facing discipline for the allegations which stemmed from the violation of the bankruptcy code's automatic stay.

19. I am also facing disciplinary charges for my involvement in the matter of People v. Mark Anthony Collins.

20. The State Bar has been specifically informed that because of a change in applicable law, the matter of People v. Collins is no longer be considered a closed matter. People v. Collins is a criminal case. The State Bar has alleged that Respondent's actions in People v. Collins warrant discipline.

21. The State Bar filed it's initial pleading after Mr. Collins' trial court matter had ended, and while Mr. Collins case was pending on appeal.

22. Mr. Collins' case was tried in late December, 2014 and early January, 2015. Mr. Collins was convicted of using a firearm while in the commission of a felony pursuant to PC § 12022.53(a)

The law reads in relevant part as follows:

(b) Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), personally uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years. The firearm need not be operable or loaded for this enhancement to apply.

(h) Notwithstanding Section 1385 or any other provision of law, **the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section.**

23. On October 12, 2017, Governor Brown signed Senate Bill 620 into law. **The law took effect on January 1, 2018.** The law allows for new sentencing of criminal cases where the defendant was convicted of 12022.53(a). **There is no appeal needed and motions are filed directly in the trial court.** In essence, the

new law allows for the trial court to strike the enhancement.

The law has been amended to read as follows:

(h) The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur

Where the law is applicable, defendants are afforded sentencing by the trial court in accordance with the new provisions of the law.[1] In this instance, **Judge Julia Allogiamento sentenced Mr. Collins under the original statutory scheme.**

24. Mr. Collins is emphatic that he wants to go ahead with sentencing under the provisions of the new statutory scheme, and insists that I continue to represent him in this matter under the terms of our original legal services agreement. Mr. Collins is currently serving 13 years in state prison. Mr. Collins has now served roughly 4 years in prison. Mr. Collins was sentenced to the low term (3 years) for his conviction under PC § 211. If Mr. Collins is successful before Judge Allogiamento and the enhancement is stricken pursuant to PC § 1385, Mr. Collins will be released from prison.

25. To that end, Mr. Collins will be calling witnesses on his behalf in support of striking the enhancement. On January 3, 2018, Mr. Collins filed the necessary papers with the trial court.

---

[1] In essence, a Writ of Habeas Corpus based on State and Federal Constitutional law.

**26.** The State Bar has insisted that my State Bar case move forward and insisted that it move forward despite repeated objections by me that moving forward will directly interfere with an on-going prosecution and place Mr. Collins' liberty interest at serious and grave risk, especially given that State Bar rules mandate that I testify regarding issues in this on-going criminal case and force me to cross examine the very trial judge whom I'm appearing in front of, or otherwise give testimony relevant to the on-going representation.

Signed under penalty of perjury:

JANUARY 4, 2018: at San Francisco, CA

Respectfully Submitted

_____
Daniel Everett, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT

Respondent submits the following points and authorities in support of removal jurisdiction under 28 U.S.C §§ 1441, 1442 & 1443(2).[2]

A removal petition filed under § **1443** must satisfy the two-prong test set out in *Georgia v. Rachel,* 384 U.S. 780, 792, 794, 86 S.Ct. 1783, 1790, 1791, 16 L.Ed.2d 925 (1966). "First, the petitioner ***must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'*** "Alabama v. Conley, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001) (quoting *Rachel,* 384 U.S. at 792, 86 S.Ct. at 1790). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." **In the alternative,** Petitioner could bring a claim showing that he or she is a federal officer or state officer acting pursuant to federal authority and where it is alleged that the officer was refusing to do any act on the ground that it would be inconsistent with any law providing for equal rights.

Here, Petitioner relies on the Civil Rights Act, Title III, Desegregation of Public Facilities, and **28 U.S.C. § 1985.** Petitioner alleges that the State Bar of California seeks to interfere with the representation of Mr. Collins in Mr. Collins' open criminal matter which is now pending in the Superior Court of California, County of Santa Clara. Petitioner was sworn to uphold the laws of the State of California, and the United States, and is therefore an officer of the Court and is currently acting as such in his representation of Mr. Collins in a Habeas Petition because of a **very recent change to applicable law.**

The State Bar's insistence in moving forward with disciplinary proceedings has interfered with an ongoing criminal case and has otherwise placed Mr. Collin's liberty interest in jeapordy. After the applicable law changed giving Mr. Collins potential reprieve in

the trial court, Petitioner has refused to participate in State Bar proceedings to the extent that they would interfere with Mr. Collins on-going criminal case.  Namely, the main witness against Petitioner in Petitioner's State Bar matter is the judge who presided over Mr. Collins case, Judge Julia Allogiamento. If Petitioner's State Bar matter is allowed to proceed unabated, Petitioner would be forced to cross examine Judge Allogiamento on the very issues that are central to Mr. Collins defense.  Namely, Petitioner's defense alleges that Judge Allogiamento acted in a racially discriminatory manner against Petioner, an African American male, and that that conduct resulted in the allegations in the State Bar complaint.

    One of the main decisions Mr. Collins will be faced with is whether to proceed with resentencing in front of Judge Allogiamento, or seek to have the judge disqualified from the proceedings because of an actual bias against counsel (California Rule of Civil Procedure 170.4/170.1).  Petitioner alleges that the California State Bar's actions violate Mr. Collins right's in violation of the Civil Right's Act of 1866 and Title III of the 1964 Civil Right's Act and further violate 28 U.S.C § 1985, and the 6th Amendment of the U.S. Constitution, in that various members of the State Bar have conspired to bring about a result that discriminates against Mr. Collins and otherwise undermines his ability to seek relief in the courts of the state, and where Petitioner, an officer of the court, has **refused to withdraw from his duty to represent Mr. Collins or otherwise to continue with proceedings that directly place his client in jeapordy,** especially given that Petitioner has been ordered to testify in his State Bar matter with no restriction that would prevent direct and immediate harm to his client, Mr. Collins.

Therefore, Petitioner has met the requirements of 28 U.S.C §§ 1443(2) and 1442, and his matter may therefore be removed to federal district court.  Further, under 28 U.S.C. § 1441, Petitioner may remove his case because issues regarding whether the bankruptcy code's automatic stay was violated must be decided by the federal court.

## CONCLUSION

Based on the foregoing, the requirements for removal have been met under both 28 U.S.C §§§ 1441, 1442 & 1443 and by aid of 28 U.S.C § 1985, Title III of the 1964 Civil Right's Act and the bankruptcy code's automatic stay, and thus an order should therefore issue stating as much.  Dated: JANUARY 4, 2018: at San Francisco, CA

Respectfully Submitted,

_____
Daniel Everett, Esq.

**DECLARATION OF DANIEL EVERETT IN SUPPORT OF PETITION FOR REMOVAL**

I, Daniel Everett, believe the foregoing to be true and correct. I am representing myself in this matter. All statements made herein are true and correct.

1. The State Bar complaint against Petitioner was amended by court order as recently as January 4, 2018, and the recent change gave rise to the removal here, as well as another recent amendment signed by order of the court in December 2017 and served on Petitioner in mid-December of the same year. Signed under penalty of perjury

   Dated: JANUARY 4, 2018: at San Francisco, CA

   Respectfully Submitted

   _____
   Daniel Everett, Esq.

**PROOF OF SERVICE**
(CCP §1013a, 2015.5)

I, the undersigned, declare as follows:
I am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is 15 Boardman Place #2, 94103.
On this date, I caused to be served a true copy of the attached document(s):

**PETITION FOR REMOVAL; HEARING REQUESTED**

On parties named below, addressed as follows:

**OFFICE OF THE CHIEF TRIAL COUNSEL**
**180 HOWARD STREET, SAN FRANCISCO, CA 94103 (SHERRIE MCLETCHIE)**

**STATE BAR COURT**
**180 HOWARD STREET, SAN FRANCISCO, CA 94103**

( )    BY MAIL:  I placed said documents in a sealed envelope, with the appropriate postage thereon fully prepaid for first class mail, for collection and mailing at San Francisco, California, following ordinary business practices.
(x)    BY PERSONAL SERVICE:  I caused each such envelope to be delivered by hand to the number indicated after the address noted above.
( )    BY FACSIMILE/EMAIL:   I caused the said document to be transmitted by facsimile machine to the number indicated after the address noted above.
    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on JANUARY 4, 2018 at SAN FRANCISCO, California.

_____
**DANIEL EVERETT, Esq. PRO SE**