UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BAR OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL EVERETT,<br><br>Defendant. | Case No. 18-cv-00051-SI<br><br>**ORDER REMANDING MATTER TO CALIFORNIA STATE BAR COURT**<br><br>Re: Dkt. No. 9 |

Defendant Daniel Everett, a licensed attorney in California, faces various disciplinary charges in State Bar court.

On January 4, 2018, defendant filed a notice of removal with this Court. Dkt. No. 1. On January 12, 2018, plaintiff State Bar of California ("State Bar") filed a motion to remand. Dkt. No. 9.

Defendant has filed two prior notices of removal with this Court in two related actions. In both cases, the Court granted plaintiff's motion to remand. Case No. 17-cv-01716-SI, Dkt. No. 21; Case No. 17-cv-03595-SI, Dkt. No. 32. In defendant's most recent attempt at removal, the Court warned defendant that subsequent meritless attempts at removing State Bar proceedings to federal court would result in sanctions. *Id*.

Defendant has now filed another notice of removal. Defendant claims the State Bar action is removable under 28 U.S.C. § 1443. Consistent with the Court's prior rulings, removal of this case was improper. Although Defendant adjusts his factual allegations slightly, the petition is roughly the same as his previously filed petitions, and the Court finds that it does not have subject matter jurisdiction over the state attorney disciplinary claim. Pursuant to 28 U.S.C.A. § 1447 (c), the Court may remand the action *sua sponte* without the need for the motion briefing calendar to

run. ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). For the reasons outlined in its two prior orders, the Court GRANTS plaintiff's motion to remand and REMANDS this matter to California State Bar Court.. Dkt. No. 9.

In addition, defendant's motion for IFP is denied. Defendant states he is self-employed at the law offices of Daniel Everett, that he has $30,000 in assets, and that he receives $2,000 a month in wages. Dkt. No. 3. Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. The Court is not convinced defendant lacks the ability to pay the necessary filing fees. Accordingly, defendant's motion is proceed in forma pauperis is denied. Defendant's motion for an extension of time to file a response to the notice of related case is denied as moot. Dkt. No. 5. **The issue of sanctions will be discussed in a further order.**

**IT IS SO ORDERED**.

Dated:   January 26, 2018

SUSAN ILLSTON
United States District Judge
United States District Court
Northern District of California